The first refusal to nonsuit was merely the exercise of the discretion of the court in calling for the plaintiffs for more proof instead of turning them out of court, and it was right.
The next objection was as to what the maker said when the note was presented. He merely said he was Ferdon. This was complete proof, for it was part of the res gesta, and besides the objection is, that it did not prove his identity — which is an objection as to sufficiency — not competency, and the evidence was offered not to prove identity, but merely as part of the maker's refusal to pay. There was no error there, except in making the objections.
The remaining objections are to the refusal to charge and to the charge.
The exception is general to both, and unless all is wrong it is too general to be available.
The first request relates to the notary's making the protest by deputy and not personally. It is of no consequence who the protest is by. The certificate of the notary may be stricken out of the case, and then the evidence is by the clerk that he presented the note for payment and gave notice of nonpayment and that is enough.
The second request that plaintiffs having elected to protest by notary, can not protest in any other way, is without any support in authority or principle that I am aware of.
The third was as to the service of notice through the post office. This is founded on the idea of want of due diligence in ascertaining the endorser's residence. The inquiry was only of the holders and of the persons to whom they referred him. It is insisted the inquiry ought also to have been made of the maker. *Page 274 
One objection in this connection is that the judge did not submit the question of due diligence to the jury. There was no dispute about the facts, and the question was therefore for the court and not the jury (1 Pet. 578; 3 Wend. 75; 1 Cow. 397; 3 Hill, 520).
I am inclined to think that the judge erred in ruling that due diligence had been used to ascertain the residence of the endorser, and that inquiry ought to have been made of the maker. But it is unnecessary to decide that point, because the exceptions are so general as to be of no avail.
All the ruling was not wrong, and therefore the judgment ought to be affirmed.
For affirmance, RUGGLES, Ch. J., and WATSON, EDMONDS JOHNSON, GARDINER, WELLES, JJ.
GRIDLEY, J., was absent.
JEWETT, J., did not hear the argument.
Judgment affirmed.